**FILED**

DEC - 6 2007

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

IN THE NORTHERN DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE BRICKLAYERS )
AND ALLIED CRAFTSMEN LOCAL 56 )
FRINGE BENEFIT FUND, )
)
       Plaintiffs, )

v.

NATIONAL PAINTING, INC.,
AN ILLINOIS CORPORATION,

       Defendant.

)
)

**07CV6872**
**JUDGE SHADUR**
**MAG. JUDGE BROWN**

## COMPLAINT

Plaintiffs, by their attorneys, Donald D. Schwartz, ARNOLD AND KADJAN, complain against Defendant, NATIONAL PAINTING, INC., an Illinois corporation, as follows:

1.    (a)    Jurisdiction of this cause is based upon Section 301 of the National Labor Relations Act, as amended [29 U.S.C. Section 185(a)], as more fully described below.

      (b)    Jurisdiction of this cause is also based upon Section 502 of the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. Section 1132 (ERISA).

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this district where the Funds as described in Paragraph 3 are administered.

3.    (a) The Plaintiffs are the TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56 PENSION, WELFARE, APPRENTICESHIP, AND INDUSTRY ADVANCEMENT FUND (the "Funds") and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1) and 29 U.S.C. Section 185(a).

1

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56 (the "Union") and certain employer associations whose members' employees are covered by the collective bargaining agreement with the Union. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws. The funds are administered pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

4.    (a) NATIONAL PAINTING, INC., ("NATIONAL") an Illinois corporation is an employer engaged in the construction industry, performing bricklaying and masonry work.

(b)    NATIONAL is an employer engaged in an industry affecting commerce.

5.    On or before June 19, 2007, Defendant, NATIONAL entered into a Memorandum of Understanding with the Union, specifically agreeing to the collective bargaining agreement in effect, and absent timely notice of desire to amend, all subsequent collective bargaining agreements.
(See Exhibit A).

6.    NATIONAL is bound by the terms of the Memorandum of Understanding, and by virtue of certain provisions contained in the collective bargaining agreements, Defendant has agreed to be bound by the Trust Agreements establishing the Funds.

7.    Under the terms of the agreement to which the Defendant is bound, it is required to make contributions on behalf of certain of their employees and, when given reasonable notice by the Funds or by their representatives, to submit their books and records to an independent public accountant for the purpose of determining whether or not they are in compliance with their obligations to contribute to the Funds.

8.      Plaintiffs are advised and believe that since June 19, 2007 to the present, Defendant has failed to make some of the contributions from time to time required to be paid to the Funds pursuant to the terms of the collective bargaining agreements and trust instruments, all of which they are bound, and all in violation of its contractual and statutory obligation.

WHEREFORE, Plaintiffs pray that:

A.      That Defendant be ordered to submit the books and records of the Defendant Company to an accountant selected by Plaintiffs for the purpose of conducting a fringe benefit compliance audit for the period from June 19, 2007 to the present.

B.      That Judgment be entered for Plaintiffs and against Defendant, in the amount found due by the audit conducted by Plaintiffs.

C.      That Defendant be enjoined from willfully violating the terms of the collective bargaining agreement and trust instruments by failing to make timely payments to the Funds.

D.      That Plaintiffs be awarded liquidated damages, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), in the amount of up to 20% of the contributions found due pursuant to the Audit.

E.      That Plaintiffs be awarded their costs herein, including Audit costs and reasonable attorneys' fees incurred in the prosecution of this action and pre-judgment interest provided for by the applicable agreements and/or Section 502(g)(2) of ERISA.

F.    That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

TRUSTEES OF BRICKLAYERS AND
ALLIED CRAFTSMEN LOCAL 56
FRINGE BENEFIT FUND

BY _____
One of Plaintiffs Attorneys

Donald D. Schwartz
ARNOLD AND KADJAN
19 West Jackson Boulevard
Chicago, Illinois 60604
(312)236-0415

4

51728

# MEMORANDUM OF UNDERSTANDING

IT IS HEREBY STIPULATED AND AGREED by and between

Name of Contractor: NATIONAL PAINTING, INC.

Address: 2504 N. 73RD ST.

ELMWOOD PARK IL 60707

Telephone: (708) 351-1204

please indicate
X Corporation
— Partnership
— Sole Owner
— Other, Specify

FEIN #: 36-4556463

and its successors or assigns (the "Contractor"), and ILLINOIS DISTRICT COUNCIL NO. 1 OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO, consisting of Local Union Nos. 20, 21, 27, 56, and 74, and any successor thereto (the "Union"), as follows:

1. The Contractor recognizes the Union as the sole and exclusive bargaining representative for the employees now or hereafter employed in the bargaining unit for the purpose of collective bargaining as to wages, hours, and other terms and conditions of employment. The Union has requested recognition from the Contractor as the majority representative of the bargaining unit employees in accord with Section 9(a) of the National Labor Relations Act, the Contractor has recognized the Union as the majority bargaining representative in accord with Section 9(a), and the Contractor's recognition of the Union as the majority representative in accord with Section 9(a) was based on the Union having shown, or having offered to show, proof of its majority support and the Contractor's determination that the Union does represent a majority of the bargaining unit employees.

2. The Contractor agrees to be bound by the terms and conditions of employment covering the type of work and the locations where the work is performed as set forth in the agreement or agreements entered into from time to time, including amendments thereto, between the International Union of Bricklayers and Allied Craftworkers Locals No. 56 and 74 of Illinois District Council No. 1 and GDCNI/CAWCC (the "Association Agreement"), except to the extent those terms and conditions that are modified by this Memorandum of Understanding. Upon request, the Union will provide the Contractor with a copy of the then current Association Agreement.

3. If, as of the day following expiration of the then existing Association Agreement ("Commencement Date"), the Association Agreement is not in effect, the terms and conditions, other than those relating to duration and termination, of the Association Agreement expiring immediately prior to the Commencement Date shall establish the terms and conditions of employment for the Employees for a period of 60 days beginning with the Commencement Date, or until a new Association Agreement is effective, whichever occurs first, following which the terms and conditions set forth in the new Association Agreement, if any, shall be in full force and effect. Within 30 days of the execution of a new Association Agreement, the Contractor shall make retroactive payments to and on behalf of all Employees for all increased wages and benefits as provided in the new Association Agreement for work performed between the Commencement Date and the time the new Association Agreement becomes effective. If a new Association Agreement has not become effective within 60 days of the Commencement Date, the Union, at its sole option, may extend this Memorandum of Understanding and the continuation provisions of this paragraph for one or more additional 60 day periods, may extend this Memorandum of Understanding for one year from the Commencement Date based on the terms of the Association Agreement that was in effect immediately before the Commencement Date, or may terminate this Memorandum of Understanding entirely, with the Union

EXHIBIT A

notifying the Contractor of its election by written notice. The Union, at its sole discretion, and at any time, may terminate this paragraph of this Memorandum of Understanding by giving the Contractor written notice of such termination. The Contractor waives any claims it might at any time have against the Union for taking any action permitted by this paragraph regardless of whether the Union takes such action with respect to the Contractor alone or with respect to any or all other contractors.

4.     This Memorandum of Understanding shall remain in effect and shall be governed by Association Agreements entered into in the future and covering future time periods unless and until it has been terminated by either party giving written notice of termination to the other not less than 60 and not more than 90 days prior to the termination date of the then applicable Association Agreement, in which event this Memorandum of Understanding shall terminate on the last day of the then applicable Association Agreement. In the event no such timely notice is given, this Memorandum of Understanding shall remain in effect until terminated in accordance with its terms.

5.     The Contractor agrees to pay the amounts of the contributions which it is bound to pay to the several fringe benefit funds described in the Association Agreement and agrees to and is hereby bound by and considered to be a party to the agreements and declarations of trust creating each of those trust funds, together with any restatements or amendments thereto which have been or may be adopted, as if it had been a party to and signed the original copies of the trust instruments. The Contractor ratifies and confirms the appointment of each of the employer trustees, who shall, together with their successor trustees designated in the manner provided in those agreements and declarations of trust, and, where applicable, jointly with an equal number of trustees representing employees, carry out the terms and conditions of the trust instruments.

6.     Any memorandum of understanding or other agreement previously executed by the parties governing the type of work and the locations covered by this Memorandum of Understanding is superseded by this Memorandum of Understanding.

DATED this _19_ day of _JUNE_, _2007_.

Name of Contractor: _NATIONAL PAINTING INC_

Contract signed by _JOANNA GADULA FOR NATIONAL PAINTING, IL_

Please print name: _Joanna Gadula_    FOR NATIONAL PAINTING, IN

Title: _PRESIDENT_    OF NATIONAL PAINTING, INC

ILLINOIS DISTRICT COUNCIL NO. 1 OF THE
INTERNATIONAL UNION OF BRICKLAYERS AND
ALLIED CRAFTWORKERS, AFL-CIO

By_____

Illinois District Council No. 1

Note: Not valid unless signed by District Council President

Received By_____

Job Location:_____

Mem of Und 7-16-07

-2-